UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 24-12031-RGS

CALVIN ALLEYNE, et al.,
Plaintiffs

v.

FEDERAL EXPRESS CORPORATION,
successor by merger to FEDEX GROUND PACKAGE SYSTEM, INC.,
Defendant

ORDER ON REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE

August 28, 2025

STEARNS, D.J.

I agree with Magistrate Judge Robertson's thorough and careful analysis of the record and her conclusion that plaintiffs' counsel's litigation tactics, while not always a model of precision, "did not [cross] the line of permissible zeal," R&R at 10, and that Rule 11 sanctions are therefore unwarranted. Consequently, the Magistrate Judge's Recommendation is ADOPTED, and the motion for sanctions is DISMISSED without prejudice.[1]

---

[1] I have closely reviewed defendant Federal Express Corporation's partial objection to the Magistrate Judge's Report, and while I understand defendant's frustration with plaintiffs' counsel, I note that neither objection to the Report has any factual or legal bearing on the outcome of the motion

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

---

or the future course of the litigation. The Magistrate Judge's suggestion that the Amended Complaint satisfies the requirements of Rule 12(b)(6) is *dicta* at best and not a binding ruling on the merits of the issue. While Federal Express may be correct that the First Circuit has not definitively ruled on the propriety of a Rule 41 dismissal of some but not all *plaintiffs* (as opposed to defendants) in circumstances like those presented here, it is equally true that the First Circuit has not foreclosed the right of defendant to further litigate the issue.